**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KRYSTIN DEKNIGHT,

Plaintiff,

vs. Case No. 3:26-cv-2558-MMH-SJH

RADIUS GLOBAL SOLUTIONS, LLC, VERIZON WIRELESS SERVICES LLC, and VARO BANK, N.A.,

Defendants.
_________________________________/

**ORDER**

This cause is before the Court sua sponte. On September 23, 2026, Plaintiff initiated this action by filing her Complaint (Doc. 1). On October 5, 2026, the Court entered an Order (Doc. 7) striking the Complaint as an impermissible shotgun pleading. See Order at 3. In doing so, the Court explained the relevant legal authority concerning shotgun pleadings and specifically identified how the Complaint violated that authority. See generally id. The Court directed Plaintiff to file a corrected complaint consistent with the directives of the Order and cautioned Plaintiff that "[f]ailure to do so may result in a dismissal of this action." Id. at 4.

On October 7, 2026, Plaintiff filed an Amended Complaint (Doc. 8). Upon review, the Court finds that the Amended Complaint remains an impermissible shotgun pleading. Indeed, Plaintiff failed to follow the Court's direction to plead her claims of willful violations of the Fair Credit Reporting Act (FCRA) and her claims of negligent violations of the FCRA in separate counts. See Order at 2. Instead, Plaintiff appears to have simply separated her allegations regarding the Defendants' willfulness and negligence into different paragraphs within the same count. See Amended Complaint ¶¶ 82, 83, 97, 98, 112, 113. This does not comply with the Court's Order or the Federal Rules of Civil Procedure (Rule(s)). See Rule 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." ); see also Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1322–23 (11th Cir. 2015) (noting that one type of shotgun pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief"); Anderson v. Dist. Bd. of Trs. Of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

Because it remains an impermissible shotgun pleading, the Court will strike the Amended Complaint. The Court will allow Plaintiff one final opportunity to file a proper complaint that complies with the pleading rules. Failure to file a proper corrected complaint will result in the dismissal of this action. Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Amended Complaint (Doc. 8) is **STRICKEN**.
2. Plaintiff shall file a second corrected complaint consistent with the directives of this Order on or before **October 23, 2026**. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 8th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Lc35
Copies to:
Counsel of Record